

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 2, 1970

Hon. W. H. Eyssen, Jr.
County Attorney
Howard County
Big Spring, Texas 79720

Opinion No. M- 569

Re: Questions concerning the assumption of the assessment and collection of taxes on behalf of the City of Big Spring by the Tax Assessor-Collector of Howard County.

Dear Mr. Eyssen:

In your request for an opinion, you state the following:

"It is presently contemplated by the City Commission of the City of Big Spring, Howard County, Texas, and by the County Commissioners of Howard County, Texas, that it would be mutually advantageous to combine the assessment and collection of taxes on behalf of said City of Big Spring into the office of the County Tax Assessor-Collector and in connection with the proposed combination it would appear that the following problems are presented which require answer by your office.

"Before stating the problems it would probably be well to outline the facts as they now exist. At the present time both the City and the State and County Assessors-Collectors are using identical 100% valuations on property located both in the City and the County for appraisal purposes. For taxing purposes, however, the County is using 20% of such 100% valuation figures and the City is using 60% of such 100% valuation. Each tax assessor-collector applies the 20% and/or 60% rate, as the case may be, to arrive at the final valuation upon which the applicable tax rate is based and to arrive at the amount of tax assessed and payable.

-2718-

"1. The first question, therefore, is, under
the provisions of Article 7359 VATS, in the event
the two taxing offices are combined would it be
permissible for the County Assessor-Collector
to use, in making the tax assessment on property
located within the corporate limits of the City,
the 60% factoring of the 100% valuation for the city
tax and continue to use the 20% factoring of the 100%
valuation in connection with the assessment of the
county tax on identical property.

"2. The City of Big Spring is a home-rule city
and various provisions of the charter are as follows:

"Article VI, Section 1. Until otherwise pro-
vided by the city commission, the appointive officers
of the city shall consist of the city manager, the chief
of police, city secretary and tax collector, city
attorney, city fire chief, city tax assessor, and
city treasurer. In the discretion of the city
commission, and under the limitations imposed by
law, two or more of the above offices may be con-
solidated into one.

"Article IV, Section 12. The city commission
shall create appointive offices when the same is
deemed expedient and may divide the administration
of the city's affairs into such departments as
they may deem advisable, and may discontinue any
such appointive office or department at their
discretion, except the office of city manager.

"Article VI, Section 6. City Secretary . . .
As tax collector, he shall collect all taxes
due to the city, and shall pay the same over at
least weekly to the city treasurer.

"Article VI, Section 9. Tax Assessor. The
city tax assessor shall make up the assessment
of property taxed by the city, and make duplicate
rolls thereof, one of which when completed, shall
be delivered to the city secretary.

"Article VII. The city shall have the power
to annually levy and collect taxes on the assessed
valuation of all real estate, personal and mixed

property within the city limits, not exempt from taxation by the constitution and laws of the state, provided that the total levy for all purposes shall not exceed the statutory limitation.

"Article VII, Section 8. The City commission shall at its first meeting in June or as soon thereafter as practicable levy the annual tax for such year, but special taxes or assessments may be levied, assessed and collected at such time as the commission may provide. ....

"Under the above articles, if the City is otherwise desirous of having the County Tax Assessor-Collector handle the assessment and collection of the City taxes can this be accomplished without necessity of charter amendment or would it be essential that the City Charter be amended to abolish the office of Tax Assessor-Collector and the tax assessing and collecting functions stated therein.

"3. If the City elects to take the actions outlined above with whom would it be appropriate for the City to contract with regard to the services of the County Tax Assessor-Collector; furthermore, to whom should the 1% be paid by the City. Further, could the City provide services and pay a portion of the costs of operating the combined tax office proposed above in addition to the 1%."

Articles 1042b and 7359, Vernon's Civil Statutes, expressly authorize any incorporated city, by ordinance or by proper resolution, to enter into a contract authorizing the County Tax Assessor-Collector to act as Tax Assessor-Collector for such city. Each of these statutes expressly provides that the property situated within the city shall be assessed at the same value as it is assessed for county and state purposes. Further, the charter of the City of Big Spring provides that the City commission may discontinue any appointive office, such as Tax Assessor-Collector, at their discretion. Therefore, it would not appear to be necessary to amend the city charter since both the charter and the statutes empower the city to enter into the contract authorizing the county official to act for and on behalf of the city.

Said Article 1042b provides that for performing the required services the County Tax Assessor-Collector shall receive an

Hon. W. H. Eyssen, page 4 (M-569)

amount to be agreed upon by the governing body of the incorporated city and the Commissioners Court of the county in which such city is situated, not to exceed 1% of the taxes so collected. The statutes provide that such fee shall be paid to the County Tax Assessor-Collector.

## SUMMARY

Where a city and a county enter into a contract for the County Tax Assessor-Collector to act in such capacity for the city, the property situated within such city shall be assessed at the same value as it was assessed for county and state purposes. Articles 1042b and 7359, V.C.S. Under the provisions of said statutes and of the charter of the City of Big Spring, it does not appear necessary that the city charter be amended in order to enter into the proposed contract. The County Tax Assessor-Collector shall receive an amount to be agreed upon by the governing body of the city and the Commissioners Court of the county not to exceed 1% of the taxes collected.

Very truly yours,

CRAWFORD C. MARTIN
Assistant Attorney General

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen
Jerry Roberts
Z. T. Fortescue
Bill Craig

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant